**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **ALEXANDER GONZALES,** ) | |
|        **Plaintiff** ) | **Case No.:** |
| ) | |
| **v** ) | |
| ) | |
| **NATIONAL CREDIT SOLUTIONS, LLC,** ) | **COMPLAINT AND DEMAND FOR** |
|      **Defendant** ) | **JURY TRIAL** |
| ) | |
| _____ ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

ALEXANDER GONZALES, ("Plaintiff"), by his attorneys, Angela K. Troccoli, Esquire, and Kimmel & Silverman, PC, alleges the following against NATIONAL CREDIT SOLUTIONS, LLC. ("Defendant"):

## INTRODUCTION

1.　　Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.　　Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.　　Defendant conducts business in the State of Connecticut and therefore, personal jurisdiction is established.

1

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5.     Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

6.     Plaintiff is a natural person residing in New London, Connecticut at the time of the alleged harassment.

7.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.     Defendant is a national debt collection company with its corporate headquarters located at 3680 E 1-240 Service Road, Oklahoma City, Oklahoma 73135.

9.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**PRELIMINARY STATEMENT**

11.     The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq.*  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights.  15 U.S.C. § 1692k.

12.     The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive

tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

13.     In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action.   The substantive heart of the FDCPA lies in three broad prohibitions.  First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

14.     In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. § 1692a.  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers.  15 U.S.C. § 1692b.

15.     Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.   The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692e.

**FACTUAL ALLEGATIONS**

16.    At all relevant times, Defendant was attempting to collect an alleged consumer debt Plaintiff.

17.    The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

18.    In 2009, Defendant began contacting Plaintiff in an attempt to collect a debt allegedly owed to Columbia House.

19.    Plaintiff had an account with Columbia House, but at the time Plaintiff closed his account, the balance was zero.

20.    Plaintiff told Defendant from his first contact with them that he did not owe any balance to Columbia House, and requested that Defendant stop contacting him about this debt.

21.    Defendant's constant contact with Plaintiff continued, and as a result, on or around August 29, 2010, Plaintiff sent Defendant a hand written note demanding that Defendant stop contacting him, and refusing to pay the disputed debt.  See Exhibit A, August 29, 2010 Letter to Defendant.

22.    Despite being told multiple times verbally and once in writing to stop communicating with Plaintiff about this alleged debt, Defendant continued to regularly call Plaintiff on a repetitive and continuous basis.

23.    From January 1, 2011 up until and including September 6, 2011, Defendant called Plaintiff on average twice per day.

4

24.     Defendant and its employees identified as "Lucy Dreco", "Charlie" and "Madeline" harassed Plaintiff by making repeated calls to his home phone, in an attempt to collect the alleged debt.

25.     Defendant placed repeated calls to Plaintiff's telephone causing Plaintiff to receive, at times, more than ten (10) collection calls a week and more than twenty (20) collection calls a month.

26.     The repetitive calls to Plaintiff were intended by Defendant to be disturbing, harassing, and an invasion of privacy, so that Plaintiff would pay the alleged debt.

27.     On multiple occasions, Defendant threatened to report the disputed debt to the credit reporting agencies if Plaintiff did not pay, even though the debt was already listed on Plaintiff's credit report.  See Exhibit B, September 16, 2010 notice.

28.     When Defendant reported the debt to the credit reporting agencies it failed to report the debt as disputed.

29.     On March 24, 2011, Defendant was still reporting the disputed debt on Plaintiff's credit report.  See Exhibit C, March 24, 2011 copy of credit report.

30.     Since then, Defendant has removed the disputed entry from Plaintiff's credit report; evidencing the fact that Defendant knew the debt was not valid.

31.     Upon information and belief, Defendant continued to report the debt on Plaintiff's credit report even though it knew the debt was not valid, with the intent to harass Plaintiff into paying the disputed debt.

32.     Additionally, despite being told in writing to stop sending collection notices to Plaintiff in the mail, Defendant sent Plaintiff a collection notice on August 23, 2011.  See Exhibit D, August 23, 2011 letter from Defendant.

33.   Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

## CONSTRUCTION OF APPLICABLE LAW

34.   The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997).  "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

35.   The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor.  Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006).  The remedial nature of the FDCPA requires that courts interpret it liberally.  Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006).  "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

36.   The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard.  See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988).  The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and

experienced does not change its character, nor take away its power to deceive others less experienced." Id.  The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices.  Clomon, 988 F. 2d at 1318.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

37.    In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a. When it communicated with Plaintiff after receiving Plaintiff's written notice that he refused to pay, and his demand that the Defendant cease communications, in violation of 15 U.S.C. §1692c(c);

    b. Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt, by calling Plaintiff repetitively, in violation of 15 U.S.C.§1692d;

    c. When it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff, in violation of 15 U.S.C. §1692d(5);

    d. When it used false, misleading and deceptive means in connection with the collection of an alleged debt, in violation of 15 U.S.C. §1692e;

    e. When it falsely represented the character, amount, or legal status of the debt, in violation of 15 U.S.C. §1692e(2)(A);

    f. When it failed to report the debt as disputed to the credit reporting agencies,

7

in violation of 15 U.S.C. §1692e(8);

g.  When it used false representation or deceptive means to violation of 15 U.S.C. §1692e(10); and

h.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ALEXANDER GONZALES, respectfully prays for a judgment as follows:

a.  All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff ALEXANDER GONZALES, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,


ALEXANDER GONZALES,
By his Attorney,


*/s/* Angela K. Troccoli
Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@creditlaw.com


Dated: October 31, 2011